NO. 07-03-0356-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 17, 2003
_____

IN THE INTEREST OF D.K.P., A CHILD

_____

FROM THE COUNTY COURT AT LAW OF POLK COUNTY;

NO. 1770; HON. STEPHEN PHILLIPS, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Before us is a purported accelerated appeal initiated by the Office of the Attorney General (OAG). The appeal concerns the termination of the parent/child relationship between Gabriel K. Jernigan and D.K.P. Furthermore, the amended order terminating the relationship was signed by the trial court on April 15, 2003. The OAG purportedly filed its notice of appeal on July 9, 2003. However, the district clerk did not stamp it as filed until July 11, 2003. Because a notice of appeal, in an accelerated appeal, must be filed within 20 days of the date the trial court signs the order from which appeal is taken, TEX. R. APP. P. 26.1(b), and the OAG's was not, we directed it to inform us why the cause should not

be dismissed. This court received its response on August 25, 2003. For the reasons which follow, we dismiss the appeal.

The OAG contends that the 20 day deadline was extended because it timely filed a motion for new trial and a request for findings of fact and conclusions of law. Normally, a notice of appeal is due "within 30 days after the judgment is signed". TEX. R. APP. P. 26.1. That deadline is extended to 90 days, per subsection (a) of Rule 26.1, if any party files a motion for new trial, a motion to modify the judgment, a motion to reinstate under Texas Rule of Civil Procedure 165a, or a request for findings of fact and conclusions of law. *Id.* at 26.1(a)(1), (2), (3) & (4). However, tendering such motions or such a request does not affect the 20 day deadline applicable in an accelerated appeal; that is, those acts do not extend the deadline. *In re B.R.L.*, 06-03-00052-CV (Tex. App.–Texarkana April 16, 2003, no pet.); *Stephenson v. Texas Dept. Protective & Reg. Serv.*, No. 03-02-00776-CV (Tex. App.–Austin March 20, 2003, pet. denied); *In re T.W.*, 89 S.W.3d 641, 641-42 (Tex. App.–Amarillo 2002, no pet.). Consequently, the period within which the OAG had to perfect its appeal at bar expired 20 days after April 15, 2003 (*i.e.*, on May 5, 2003).[1]

To avoid dismissal, the OAG also invites us to overrule our decision in *In re T.W.* Such is allegedly warranted, in its view, because Rule 26.1(b) is ambiguous and its wording permits one to interpret it as encompassing the exceptions itemized under 26.1(a). We reject the invitation for several reasons. First, as written, subsection (a) of the rule can only be read as modifying the 30 day deadline specified in the opening sentence of the

---

[1]The OAG did not timely move this court for an extension of the 20 day deadline per Texas Rule of Appellate Procedure 26.3.

2

provision. Simply put, the exceptions follow reference to the 30 day provision, not the 20 day period mentioned in Rule 26.1(b). Indeed, nothing in Rule 26.1(b) purports to incorporate into that subsection the exceptions listed under 26.1(a).

Second, the 20 day time limit mentioned in subsection (b) is itself an exception to the general 30 day period specified in Rule 26. To adopt the OAG's contention would require us to now append exceptions to an exception and, in doing so, thwart the policy underlying an accelerated appeal. In other words, certain matters are deserving of rapid attention by an appellate court, and that is why the appeals related to those matters are accelerated. If we were to read into Rule 26.1(b) the exceptions mentioned in 26.1(a) which are applicable to non-accelerated appeals, then we would be providing litigants with the means to easily delay (through the use of common post-judgment maneuver) resolution of that which statute and other authority says should not be delayed. So, we opt not to thwart the policy considerations inherent in Rule 26.1(b) by attaching exceptions to an exception.

Third, and contrary to the insinuations of the OAG, the opinion of *Hone v. Hanafin*, 104 S.W.3d 884 (Tex. 2003) does not intimate that *In re T.W.* was wrong. Admittedly, the Supreme Court there said that one "could have plausibly assumed that their request for findings of fact . . . would extend the time for filing a notice . . ." in an accelerated appeal. *Id.* at 888. Yet, it is apparent that the Court was not dealing with the question before us. Rather, it was considering whether the appellant reasonably explained why he delayed in filing a timely notice. That is, it was dealing with whether the appellant adequately justified (per Texas Rule of Appellate Procedure 26.3) his mistaken belief that the 20 day period

3

did not apply. Indeed, if his belief was not mistaken and if the request extended the deadline, then whether his belief was reasonable would have been irrelevant. This is so because the notice was filed well within the 90 days prescribed by Rule 26.1(a). Moreover, in concluding its opinion, the Court apparently opted to reserve decision upon the very issue before us. *See id.* (stating that it does not address whether the trial court's findings of fact and conclusions of law could properly be considered under Rule 26.1(a)(4)).

Accordingly, we dismiss the appeal for want of jurisdiction.


Brian Quinn
Justice